```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DAVID MANUEL DANIEL,            :
        Plaintiff,              :
V.                              :    CASE NO. 3:09-CV-563(RNC)
MICHAEL J. ASTRUE,              :
        Defendant.              :
```

                           RULING AND ORDER

The Magistrate Judge's recommended ruling (doc. 17), which recommends (1) that the plaintiff's motion to reverse the decision of the Commissioner or remand (doc. 12) be denied; and (2) that the defendant's motion for an order affirming the decision of the Commissioner (doc. 14) be granted, is hereby approved and adopted over the plaintiff's objection.

Plaintiff's objection focuses primarily on the ALJ's failure to discuss the testimony provided by the plaintiff's ex-wife, Sharon Daniel, corroborating plaintiff's own testimony regarding his symptoms and limitations.  Judge Martinez observed that because the testimony of Ms. Daniel was essentially the same as the plaintiff's, which the ALJ did discuss in depth, it is reasonable to infer that the ALJ throughly reviewed the testimony and discounted it, citing Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983).[1]  Plaintiff urges that this inference is not

---

[1] In Mongeur, the ALJ did not discuss the testimony of the claimant's spouse.  The Second Circuit held that the district court could infer that the ALJ had considered the spouse's testimony and discounted it.

reasonable in the circumstances presented here.  He further contends that when a third party's testimony is critical to an assessment of the claimant's credibility, the ALJ should be required to state explicitly that he is rejecting the testimony and give reasons why.

I think it is reasonable to infer that the ALJ considered and discounted Ms. Daniel's testimony.  Given the ALJ's statement that he considered the entire record (Record at 30), it is unlikely that he actually failed to consider Ms. Daniels' testimony, which takes up sixteen pages of transcript.  Moreover, Ms. Daniel's testimony was essentially the same as the plaintiff's, and the ALJ's decision does provide a detailed explanation for his finding that the plaintiff was not credible.  In view of the ALJ's discussion of the plaintiff's testimony, and the redundant nature of Ms. Daniel's testimony, the ALJ might well have assumed that his reasoning was sufficiently clear and a specific discussion of Ms. Daniel's testimony was therefore unnecessary.  See Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993)(per curiam)(rejecting challenge to ALJ's failure to specifically discuss supporting testimony of claimant's spouse because testimony was essentially redundant).

Plaintiff's suggestion that an ALJ should be required to state explicitly that he is rejecting corroborating testimony of a claimant's family members and give reasons why may have merit

as a policy matter but it is not the law in this Circuit. Mongeur allows a reviewing court to infer that the ALJ considered and rejected the testimony of a corroborating witness when the inference is adequately supported by the record as a whole. Plaintiff provides no basis on which this court can distinguish Mongeur.[2]

I have considered plaintiff's other arguments and find them unpersuasive. After careful review, I agree with Judge Martinez that the decision of the Commissioner should be affirmed.

Accordingly, the recommended ruling is hereby approved and adopted. The Motion to Reverse the Decision of the Commissioner (doc. 12) is denied, and the Motion to Affirm (doc. 14) is granted.

So ordered this 31st day of March 2011.

_____/s/_____
ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff argues that SSR 96-7p, promulgated after Mongeur was decided, reflects the Commissioner's view that third-party testimony is critical to an ALJ's credibility assessment. But SSR 96-7p does not require an ALJ to specifically discuss and reject the testimony of lay witnesses. Plaintiff also cites Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). To the extent Smolen requires an ALJ to explicitly state that he is rejecting the testimony of a lay witness and give reasons why, it is inconsistent with Mongeur.